IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MORGANN WANHA,                    )
                                  )    No. 1:18-CV-01966-LMM
        Plaintiff,                )
                                  )
    vs.                           )
                                  )
GLOBAL LENDING SERVICES LLC,      )
                                  )
        Defendant.                )
                                  )

MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Morgann Wanha ("Plaintiff" or "Ms. Wanha"), by and through her undersigned counsel, respectfully submits this memorandum of law in opposition to defendant Global Lending Services LLC's motion ("Motion") to dismiss the First Amended Complaint ("Complaint" or "Compl.").

## PRELIMINARY STATEMENT

Plaintiff's Amended Complaint asserts claims against defendant Global Lending Services LLC ("Defendant" or "Global") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-391 et seq. ("FBPA").  Through its Motion to Dismiss, Global asserts that Count II of the Amended Complaint, violations of the

1

FBPA, should be dismissed because it fails to state a claim upon which relief can be granted.  Specifically, Defendant argues that the TCPA "regulates phone calls made to a person's cell phone," and, because the FBPA does not apply in regulated areas of activity, Plaintiff's FBPA claim should be dismissed.  Motion at 1-2.  However, though actionable under the TCPA, the phone calls in and of themselves are not what constitute violations of the FBPA.  Rather, it is Defendant's abusive collection methods *through* the phone calls, including the number and frequency of such calls, as well as the fact that the calls were made to Ms. Wanha's cell phone without permission, that constitute violations of the FBPA.  The abusive collection methods described in Plaintiff's Amended Complaint are not regulated by the TCPA.   While the TCPA regulates the use of automatic dialers to call cellular telephones, it does not regulate the collection of debt or the abusive collection methods employed by Defendant.  *See Beeler v. Ditech Financial, LLC*, No. 5:16-CV-54 (CAR), 2016 WL 4136513, *3 (M.D. Ga. Aug. 1, 2016).  Therefore, contrary to its argument, Global's intentional and abusive collection methods are not regulated areas of activity so as to exempt Ms. Wanha's claim for violations of the FBPA.  The Motion should be denied.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 4, 2018, Ms. Wanha instituted this action in the State Court of Fulton County, Georgia, Civil Action Number 18EV001397, through the filing of her original complaint. The original complaint alleged causes of action for violations of the TCPA and for attorneys' fees under O.C.G.A. § 13-6-11.

Prior to filing the original complaint, Plaintiff sent a written demand for relief to Defendant in accordance with the provisions of the FBPA, Section 10-1-399(b). When Defendant failed to provide a written tender of settlement within 30 days, Plaintiff filed her Amended Complaint in this Court on June 1, 2018, through which she added an additional cause of action for violations of the FBPA.

ARGUMENT AND CITATION OF AUTHORITY

I.    STANDARDS ON A MOTION TO DISMISS

Motions to dismiss for failure to state a claim "are looked upon with disfavor and should be granted only reluctantly." *Sagers v. Yellow Freight System, Inc.*, 58 F.R.D. 54, 60 (N.D. Ga. 1972). In fact, such motions should only be granted if "it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim." *Id*. (quoting *Cook & Nicol, Inc. v. Plimsoll Club*, 451 F.2d 505, 506 (5th Cir. 1971)).

In accordance with Fed. R. Civ. P. 8(a), all that is required is "a short and plain statement of the claim," so long as the complaint "provides the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005). When considering a motion to dismiss, the court must accept all "well-pleaded facts in plaintiff's complaint as true, as well as all reasonable inferences drawn from those facts." *Pledger v. Reliance Trust Company*, 240 F. Supp. 3d 1314, 1321 (N.D. Ga. 2017). In addition, the court must construe the allegations of plaintiff's complaint in the light most favorable to plaintiff. *Id*. Therefore, when evaluating a motion to dismiss for failure to state a claim, the court must "assume the veracity of well-pleaded factual allegations and 'determine whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1941 (2009)).

As demonstrated below, the factual allegations contained in Count II of the Complaint, when accepted as true and viewed in the light most favorable to Plaintiff, show that Plaintiff has set forth a legally sufficient claim under the FBPA. Defendant's Motion does not disclose with certainty that Plaintiff would not be entitled to recover under any state of facts which could be proven in support of Plaintiff's claim. This Court should therefore deny Defendant's Motion to Dismiss.

II.     COUNT II OF THE COMPLAINT STATES A CLAIM

Count II of the Amended Complaint sets forth facts which plausibly give rise to entitlement to relief under the FBPA. "The FBPA provides a private right of action to a 'party who suffers injury or damages as a result of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.'" *Kinzy v. Wells Fargo Bank, N.A.*, No. 1:13-CV-357-CAP, 2013 WL 12068984, at *2 (N.D. Ga. Nov. 4, 2013) (quoting *Henderson v. Gandy*, 623 S.E.2d 465, 467 (Ga. 2005)).   Importantly, "the FBPA is to be liberally construed and applied to promote its underlying purposes and policies, which are to protect consumers."  *Regency Nissan, Inc. v. Taylor*, 391 S.E.2d 467, 469 (Ga. Ct. App. 1990).

Under Georgia law, "a violation of the FBPA contains three (3) elements: (1) a violation of the Act, (2) causation, and (3) injury." *Beeler v. Ditech Financial, LLC*, No. 5:16-CV-54 (CAR), 2016 WL 4136513, at *2 (M.D. Ga. Aug. 1, 2016). In addition, O.C.G.A. § 10-1-399(b) requires that a written demand for relief be provided by the claimant at least 30 days before the filing of an FBPA claim.[1]

---

[1]     Defendant does not appear to challenge that Plaintiff pleaded sufficient facts to establish each of the three required elements or that Plaintiff provided the written demand required by O.C.G.A. § 10-1-399(b).

Although the FBPA may not apply to underlying conduct that is a "regulated area of activity," *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 502 S.E.2d 799, 805 (Ga. Ct. App. 1988), the "relevant inquiry is whether there is sufficient state or federal regulation of defendant's alleged conduct so as to exempt the action from the FBPA." *Kitchen v. Ameriquest Mortgage Co.*, No. 1:04-CV-27500BBM, 2005 WL 6931610, at *7 (N.D. Ga. Apr. 29, 2005). Despite Defendant's contention to the contrary, the factual allegations in Count II of Plaintiff's Amended Complaint demonstrate Defendant's conduct is not sufficiently regulated so as to be exempted from the FBPA.

At issue in this case are two sets of actions conducted by Defendant: (1) Defendant's use of automatic dialers to call Plaintiff's cellular phone without consent or excuse (Count I under the TCPA) and (2) Defendant's intentional and abusive collection campaign and collection methods, including calling Plaintiff on her cell phone without her consent at least 134 times (Count II under the FBPA). *See* Compl. ¶¶ 20-32; *id*. ¶¶ 33-38.

Georgia's federal courts have recognized the distinction between conduct regulated by the TCPA and conduct that constitutes abusive collection methods. For example, in *Beeler*, the plaintiff bought suit against the defendant for violations of the TCPA and the FBPA as a result of defendant's use of automatic telephone dialing

systems to call plaintiff's cell phone more than 100 times after being directed by plaintiff to cease all calls to her cell phone. *Id*. at *1. Similar to the instant case, the defendant claimed that such activities were regulated by the TCPA such that the FBPA claim should be dismissed. The court rejected this argument:

> Here, Defendant argues the crux of Plaintiff's claim is the frequency of the calls to her cell phone, and the TCPA was enacted to remedy this exact grievance. Therefore, the FBPA does not apply. However, Plaintiff's FBPA claim deals with the abusive methods of debt collection. The TCPA regulates the use of automatic dialers to call cellular telephone numbers, prohibiting their use in the absence of an emergency or prior consent of the party. The TCPA does not regulate collection of debt, nor does it specifically authorize debt collection calls using an automatic dialer. Additionally, Georgia courts have already held debt collection practices can fall under the FBPA when the debt is incurred during a consumer transaction. Accepting Plaintiff's allegations as true, as this Court must, the Court cannot find the TCPA prevents Plaintiff from bringing a FBPA claim.

*Id*. at *3 (footnotes omitted).

Defendant relies on the outcome in *Kinzy*. In that case, the court upheld the plaintiff's tort claim for abusive collection as a result of repeated and intentional robo-calling on plaintiff's cellular phone. *Kinzy*, 2013 WL 12068984, at *3. While Defendant relies on *Kinzy* for its position that the TCPA sufficiently regulates the activity complained of herein to the exclusion of the FBPA, *Kinzy* is distinguishable from the case at bar. Specifically, the court in *Kinzy* struck the plaintiff's FBPA claim based on its interpretation of the plaintiff's FBPA claim to be limited to

"robocalls to Kinzy's cellular telephone using an artificial or prerecorded voice." *Id*. As such, the court held that this particular conduct was regulated by the TCPA to the exclusion of the FBPA. *Id*. No such limited reading of Ms. Wanha's claim is possible here.

Here, Plaintiff does not allege that the multitudinous calls using automatic dialers to Plaintiff's cell phone, in and of themselves, (though actionable under the TCPA) are the conduct which constitute violations of the FBPA, nor does Plaintiff argue that such calls are not regulated by the TCPA. Rather, Plaintiff asserts that it is the abusive collection methods employed by Defendant, including the number and frequency of calls without permission, which constitute unfair and deceptive practices under the FBPA. This states a claim. *See Beeler*, 2016 WL 4136513, at *3 ("Georgia courts have already held debt collection practices can fall under the FBPA when the debt is incurred during a consumer transaction").

Defendant's reliance on *Eason v. Covington Credit*, No. 1:17-cv-1830-WSD-CMS, 2017 WL 4564282 (N.D. Ga. Oct. 13, 2017), also is misplaced. In *Eason*, the magistrate judge stated that the plaintiff alleged that the calls were annoying in his complaint, but he "did not allege that they were also deceptive and unfair." *Id.* at *2. Here, by contrast, the Complaint specifically alleges that "Defendant's intentional and abusive collection campaign and collection methods, including

8

calling Plaintiff repeatedly on her Cell Phone without her consent at least 134 times, constitute unfair and deceptive acts and practices in trade or commerce." Compl. ¶ 36.

Even were this Court to find that *Kinzy* or *Eason* is applicable on its facts, the Court nonetheless should decline to follow either of those cases. *See Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1381 (N.D. Ga. 2012) (plaintiff's allegations that defendant failed to credit her account and sent her harassing collection letters stated a claim under the FBPA; FBPA's express inapplicability to "'[a]ctions or transactions *specifically authorized* under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States'" cannot be read to exempt claims for unfair and deceptive conduct that are not "specifically authorized" and that are not condoned by any statutory or regulatory framework) (emphasis added by court).[2]

Accordingly, when accepted as true and construed in the light most favorable to Plaintiff, the allegations of the Complaint amply set forth facts which plausibly give rise to an entitlement to relief under the FBPA.

---

[2]   And, though decided by courts within the Northern District of Georgia, *Kinzy* and *Eason* are not binding precedent on this Court. *See Camreta v. Greene*, 563 U.S. 692, 708 (2011) (a decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case).

CONCLUSION

For the foregoing reasons, the Motion should be denied.


This 29th day of June, 2018.

Respectfully submitted,

THE EVINS LAW FIRM, LLC

By:___/s/ Albert M. Myers_____
Richard F. Evins
GA Bar No. 253360
Albert M. Myers
GA Bar No. 002711
Ashley L. Hughes
GA Bar No. 332148
567 Seminole Drive NE
Marietta, GA 30060
Telephone: (770) 592-2780
Facsimile: (770) 592-7793
*revins@evinslegal.com*
*amyers@evinslegal.com*
*ahughes@evinslegal.com*

*Counsel for Plaintiff*

<u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing pleading complies with Local Rule 5.1C in that it was prepared using Times Roman 14-point font.

*/s/ Albert M. Myers*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing pleading using the CM/ECF System for the federal District Court for the Northern District of Georgia, resulting in a true and correct copy to be served upon the following counsel of record via electronic mail:

Bret T. Thrasher
Viraj P. Deshmukh
Thompson, O'Brien, Kemp & Nasuti, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, GA 30092

June 29, 2018.

*/s/ Albert M. Myers*